Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DAN KATZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>CHINA CENTURY DRAGON MEDIA, INC., HAIMING FU, DAPENG DUAN, HUHUA LI, ZHIFENG YAN, DAVID DE CAMPO, YUE LU, FANG YUAN, WESTPARK CAPITAL, INC., JOSEPH GUNNAR & CO. LLC, I-BANKERS SECURITIES, INC., AND AEGIS CAPITAL CORPORATION,<br><br>Defendants. | No. CV 11-2769 JAK (SSx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DAN KATZ FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hon. John A. Kronstadt<br><br>Hearing Date: July 11, 2011<br>Time: 1:30 p.m.<br>CTRM: 750 (Roybal) |

0

Memorandum of Points and Authorities ISO Motion of Dan Katz for
Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. CV 11-2769 JAK (SSx)

## MEMORANDUM OF POINTS AND AUTHORITIES

Dan Katz ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act") and Section 27 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for all persons other than defendants who purchased or otherwise acquired the securities of CDM pursuant and/or traceable to the Company's Registration and Statement and Prospectus (collectively, the "Registration Statement") issued in connection with the Company's February 8, 2011 initial public offering (the "IPO" or the "Offering") seeking to pursue remedies under the Sections 11, 12(a)(2), and 15 of Securities Act; and/or (2) purchased or otherwise acquired the securities of CDM during the period from February 8, 2011 to March 25, 2011, inclusive (the "Class Period"), seeking to pursue remedies under Sections 10(b) and 20(a) of the Exchange Act; and

(2) appointing the Rosen Law Firm, P.A. as Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

On April 1, 2011, The Rosen Law Firm, P.A. commenced this action against Defendants[1] seeking remedies under the federal securities laws. On that same day, The Rosen Law Firm, P.A. issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and

---

[1] "Defendants" refers to, collectively: China Century Dragon Media, Inc., Haiming Fu, Dapeng Duan, Huhua Li, Zhifeng, Yan, David De Campo, Yue Lu, Fang Yuan, Westpark Capital, Inc., Joseph Gunnar & Co. LLC, I-Bankers Securities, Inc., and Aegis Capital Corporation.

1

Memorandum of Points and Authorities ISO Motion of Dan Katz for
Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. CV 11-2769 JAK (SSx)

the 60 day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

The complaint in the instant action ("Complaint") alleges that China Century Dragon Media, a Delaware corporation headquartered in Guangdong Province, China, and certain of its corporate officers violated the Exchange and Securities Act in connection with the Company's issuance of materially false and misleading statements regarding the Company's business, operations, prospects and performance.

On March 21, 2011, trading in the Company's stock was inexplicably halted. On March 28, 2011 the Company issued an announcement revealing that its auditor MaloneBailey LLP ("MB") had resigned and that MB had withdrawn its prior audit opinions of the Company's financial statements contained in the offering documents. MB informed the Company that "due to discrepancies noted on customer confirmations and the auditor's inability to directly verify the Company's bank records, they believe these irregularities may be an indication that the accounting records have been falsified, which would constitute an illegal act." As a result, MB "is unable to rely on management's representations as they relate to previously issued financial statements and it can no longer support its opinions related to the financial statements as of December 31, 2009 and 2008."

To date, Company's stock remains halted, thereby rendering it illiquid and worthless. As a result, plaintiffs and the class have been damaged.

## ARGUMENT

### II. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA directs courts to consider any motion to serve as

Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii); 15 U.S.C. § 77z-1(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, he has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

**A. Movant Is Willing to Serve as Class Representative**

Mr. Katz has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, filed concurrently herewith, Mr. Katz attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Rosen Decl. Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

**B. Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-

3

4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases). Mr. Katz purchased 13,500 shares of China Century common stock during the Class Period and has suffered losses of $66,287.58, as these shares are currently illiquid and worthless. *See* Rosen Decl., Ex. 3 (Movant's Loss Chart).

Mr. Katz is not aware of any other movant that has suffered greater losses in CDM stock during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc); 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc) Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

 (1) the class is so numerous that joinder of all members is impracticable,

 (2) there are questions of law or fact common to the class,

 (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

 (4) the representative parties will fairly and adequately protect the interests of the class.

4

Memorandum of Points and Authorities ISO Motion of Dan Katz for
Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. CV 11-2769 JAK (SSx)

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

Movant fulfills all of the pertinent requirements of Rule 23. He shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act and Securities Act by publicly disseminating false and misleading statements about the Company and its business. Movant, as did all of the members of the class, purchased China Century stock at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint the Movant as Lead Plaintiff.

**D.   The Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Mr. Katz as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

5

Memorandum of Points and Authorities ISO Motion of Dan Katz for
Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. CV 11-2769 JAK (SSx)

    (aa) will not fairly and adequately protect the interest of the class;

     or

    (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

  Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Mr. Katz is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

  The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

  Mr. Katz has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm, P.A. filed the first action and has been actively researching the class's and Movant's claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the Rosen Law Firm, P.A. is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of the Rosen Law Firm, P.A. is attached as Exhibit 4 to the Rosen Declaration.

6

Memorandum of Points and Authorities ISO Motion of Dan Katz for
Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. CV 11-2769 JAK (SSx)

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Mr. Katz's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Mr. Katz as Lead Plaintiff of the class; (2) approving The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: May 31, 2011   Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

 /s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff

7

Memorandum of Points and Authorities ISO Motion of Dan Katz for
Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. CV 11-2769 JAK (SSx)

# CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On May 31, 2011, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DAN KATZ FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on May 31, 2011.

/s/ Laurence Rosen
Laurence M. Rosen

8

Memorandum of Points and Authorities ISO Motion of Dan Katz for
Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. CV 11-2769 JAK (SSx)