NOTE: CHANGES MADE BY THE COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

-------------------------------------------------X

DAN KATZ, PETER VAN NUIS AND
JULIUS SCHAPIRO, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

        Plaintiffs,

        vs.

CHINA CENTURY DRAGON MEDIA,
INC., HAIMING FU, DAPENG DUAN,
HUIHUA LI, ZHIFENG YAN, DAVID DE
CAMPO, YUE LU, FANG YUAN,
WESTPARK CAPITAL, INC., JOSEPH
GUNNAR & CO, LLC, I-BANKERS
SECURITIES, INC., AEGIS CAPITAL
CORPORATION, RICHARD
RAPPAPORT, AND MALONEBAILEY
LLP,

        Defendants.

-------------------------------------------------X

No. CV 11-2769 (JAK)(SSx)

<u>CLASS ACTION</u>

**ORDER GRANTING
PRELIMINARYAPPROVAL
OF SETTLEMENT AND
PROVIDING FOR NOTICE**

Hon. John A. Kronstadt

WHEREAS Class Representatives Peter Van Nuis and Julius Shapiro, on behalf of themselves and the putative Class and Dan Katz individually (collectively, "Plaintiffs"), by and through their counsel, have entered into a settlement of the claims asserted in *Katz v. China Century Dragon Media, Inc.*, 11-CV-2769-JAK-SSx (the "Litigation") with defendants MaloneBailey LLP ("MaloneBailey"); WestPark Capital, Inc., ("WestPark") and Richard Rappaport ("Rappaport") (WestPark and Rappaport are collectively the "WestPark Defendants"); I-Bankers Securities, Inc. ("I-Bankers"); Joseph Gunnar & Co., LLC ("Gunnar"); Aegis Capital Corporation ("Aegis")[1]; and David De Campo, the terms of which are set forth in, respectively, a Stipulation and Agreement of Settlement between Plaintiffs and MaloneBailey, which is dated May 20, 2013 (the "MaloneBailey Stipulation"), and a Stipulation and Agreement of Settlement between Plaintiffs and the Underwriter Defendants and De Campo, which is dated May 20, 2013 (the "Underwriters and De Campo Stipulation")[2], both of which are subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Second Amended Complaint (the "Complaint") filed in the Litigation; and the Court having read and considered the Stipulations, the proposed "Notice of Pendency and Proposed Settlement of Class Action" ("Notice"), the proposed "Summary Notice of Pendency and Proposed Class Action Settlement" ("Summary Notice"), the proposed Plan of Allocation of the Net Settlement Fund among Class Members, the proposed form of the Proof of

---

[1] The WestPark Defendants, I-Bankers, Gunnar, and Aegis are collectively referred to as the "Underwriter Defendants."

[2] The MaloneBailey Stipulation and the Underwriters and De Campo Stipulation are collectively referred to as the "Stipulations."

1    Claim and Release ("Proof of Claim"), the proposed form of Order and Final

2    Judgment, and submissions made relating thereto, and finding that substantial and

3    sufficient grounds exist for entering this Order;

4         NOW, THEREFORE, IT IS HEREBY ORDERED that:

5         1.    Unless indicated otherwise, capitalized terms used herein have the

6    meanings defined in the Underwriters and De Campo Stipulation.

7         2.    Pursuant to the Court's Order dated December 18, 2012, this

8    Litigation was certified as a class action on behalf of all persons who purchased the

9    publicly traded common stock of China Century from February 7, 2011 through

10   March 21, 2011, and who were damaged thereby (the "Class").  Excluded from the

11   Class are:

12             a.  Defendants, and the members of their immediate families and

13                 Defendants' legal representatives, heirs, successors and assigns,

14                 any entity in which any Defendant has or had a controlling interest,

15                 and the predecessors of China Century, MaloneBailey, and

16                 WestPark;

17             b.  Present and former officers and/or directors of any Defendant;

18             c.  All such excluded persons' immediate families, legal

19                 representatives, heirs, predecessors, successors, and assigns, and

20                 any entity in which any excluded person has or had a controlling

21                 interest;

22             d.  Any persons who have separately filed actions against one or more

23                 of the Defendants, based in whole or in part on any claim arising

24                 out of or relating to any of the alleged acts, omissions,

25                 misrepresentations, facts, events, matters, transactions, or

2

occurrences referred to in the Litigation or otherwise alleged, asserted, or contended in the Litigation; and

e. Those persons who file valid and timely requests for exclusion in accordance with this Order.

3.    A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on October 7, 2013 at 8:30 a.m. for the following purposes:

(a)    to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)    to determine whether the Order and Final Judgment as provided under the Stipulations should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Class of the Released Parties as set forth in the Stipulations, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

(c)    to determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d)    to consider the application of Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses;

(f)    to consider any objections to the Settlement presented by any Class Member(s), whether submitted previously in writing or presented orally at the Final Settlement Hearing by one or more Class Members (or by counsel on their behalf); and

(g)    to rule upon such other matters as the Court may deem appropriate.

3

4.     The Court reserves the right to continue the Final Settlement Hearing to a later date and to approve the Settlement with or without modification.  The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses.

5.     The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Class where to do so would not impair the rights of Class Members and would be consistent with Rule 23 and due process of law.

6.     The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice and (c) the Proof of Claim, all of which are exhibits to the Stipulations.

7.     Plaintiffs' Counsel has the authority to enter into the Stipulations on behalf of the Class and is authorized to act on behalf of the Class Members with respect to all acts or consents required by, or that may be given pursuant to, the Stipulations or such other acts that are reasonably necessary to consummate the Settlement.

8.     Strategic Claims Services, Inc. is appointed and approved as the Claims Administrator for the Settlement.

9.     Plaintiffs' Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim, substantially in the forms attached hereto, to be mailed, by first class mail, postage prepaid, within twenty-eight (28) calendar days of the entry of this Order, to all Class Members who can be identified with reasonable effort by the Claims Administrator.

10.     Plaintiffs' Counsel are authorized to establish a Notice and

Administration Account (as defined in the Stipulations) of $75,000 (Seventy-Five Thousand Dollars), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Class and for other reasonable out-of-pocket administrative expenses. After the Effective Date, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Account and amounts that were not used in the  Notice and Administration Account may be transferred to the Settlement Fund.

11.     Defendants and any and all issuers, securities firms or transfer agents holding transfer records which indicate the legal owners of China Century common stock currently or during the Class Period are hereby ordered to produce such transfer records in a usable electronic format to Plaintiffs' Counsel or the Claims Administrator within fourteen (14) calendar days of receipt of a copy of this Order.

12.     Plaintiffs' Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased China Century common stock during the Class Period.  Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners.  Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners.

13.     Plaintiffs' Counsel shall, at or before the Final Settlement Hearing, serve upon counsel for MaloneBailey, counsel for the Underwriter Defendants, and

Counsel for De Campo, and file with the Court, proof of mailing of the Notice and Proof of Claim, both to Class Members and to nominees.

14.    Plaintiffs' Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within ten (10) calendar days after the entry of this Order.  Plaintiffs' Counsel shall, at or before the Final Settlement Hearing, serve upon counsel for MaloneBailey, counsel for the Underwriter Defendants, and counsel for De Campo, and file with the Court proof of publication of the Summary Notice.

15.    The forms and methods set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; they constitute due and sufficient notice to all persons and entities entitled thereto.  Absent compelling circumstances, no Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

16.    In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a)    A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than seventy-five (75) calendar days from the date of this Order.  Such deadline may be further extended by Order of the Court.  Each

Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions:  (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Plaintiffs' Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be

afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Proof of Claim, each Class Member shall submit to the jurisdiction of the Court.

17.     All Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

18.     Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than thirty (30) calendar days prior to the Final Settlement Hearing or September 13, 2013, to the addresses listed in the Notice.  Such request for exclusion shall clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Class, and must be signed by such person.  Such persons requesting exclusion are also required to specify all their purchases and sales of China Century common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold.  The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Plaintiffs' Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

19.     Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund.

20.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any payment to Lead Plaintiff and Class Representatives, only if such comments or objections and any supporting papers are served to be received at least twenty (20) calendar days prior to the Final Settlement Hearing, upon each of the following:

**COUNSEL FOR PLAINTIFFS AND THE CLASS:**

Laurence M. Rosen, Esq.
Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

**COUNSEL FOR MALONEBAILEY:**

Patrick M. Kelly, Esq.
David S. Eisen, Esq.
Patricia Ann Golson, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
555 South Flower Street, Suite 2900
Los Angeles, CA 90071

**COUNSEL FOR AEGIS CAPITAL CORPORATION AND I-BANKERS SECURITIES, INC.:**

Nathan Dooley, Esq.
COZEN O'CONNOR LLP

9

601 South Figueroa Street, Suite 3700
Los Angeles, CA  90017

**COUNSEL FOR WESTPARK
CAPITAL, INC. AND RICHARD
RAPPAPORT:**

Legal and Compliance Department
WestPark Capital Financial Services, LLC
1900 Avenue of the Stars, Suite 310
Los Angeles, CA  90067

**COUNSEL  FOR  JOSEPH  GUNNAR  &
CO., LLC:**

John E. Lawlor, Esq.
129 Third Street
Mineola, NY 11501

**COUNSEL FOR DAVID DE CAMPO:**

Bruce H. Jackson, Esq.
BAKER & McKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802

and the objector has (by that same date) delivered to the Claims Administrator said

objections, papers and briefs, showing due proof of service upon counsel identified

above.  At least fifteen (15) calendar days prior to the Final Settlement Hearing,

the Claims Administrator shall file a report with the Court with respect to any

filings by any objector. The report shall contain said objections, papers and briefs,

showing due proof of service upon counsel identified above.  Attendance at the

Final Settlement Hearing is not necessary but persons wishing to be heard orally in

opposition to the Settlement, the Plan of Allocation, and/or the application for

Attorneys' Fees and Expenses are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Settlement Hearing.  Class Members do not need to appear at the Final Settlement Hearing or take any other action to indicate their approval.

21.     Any Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees and Expenses and a payment to Lead Plaintiff and Class Representatives.

22.     All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiff and Class Representatives shall be filed and served thirty-five (35) calendar days before the Final Settlement Hearing.

23.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiff and Class Representatives shall be filed no later than fourteen (14) calendar days prior to the Final Settlement Hearing.

24.     The Litigation is stayed.

26.     In the event the Settlement is not consummated pursuant to its terms, the Stipulations, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and

11

1  without prejudice to any Settling Party, and may not be introduced as evidence or

2  referred to in any action or proceedings by any person or entity, and each party

3  shall be restored to his, her or its respective position as it existed before the

4  execution of the Stipulations, pursuant to the terms of the Stipulations.

5       27.    The Court retains exclusive jurisdiction over the action to consider all

6  further matters arising out of, or relating to, the Settlement, including by way of

7  illustration and not limitation, any dispute concerning any Proof of Claim filed by

8  any Class Member and any future requests by one or more of the Parties that the

9  Final Order and Judgment, the Release and/or the permanent injunction set forth in

10 the Stipulations be enforced.

13 Dated: July 2, 2013

_____
HON. JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

12