UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

---------------------------------------------------X
DAN KATZ, PETER VAN NUIS AND
JULIUS SHAPIRO, INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

        Plaintiffs,

        vs.

CHINA CENTURY DRAGON MEDIA,
INC., HAIMING FU, DAPENG DUAN,
HUIHUA LI, ZHIFENG YAN, DAVID DE
CAMPO, YUE LU, FANG YUAN,
WESTPARK CAPITAL, INC., JOSEPH
GUNNAR & CO, LLC, I-BANKERS
SECURITIES, INC., AEGIS CAPITAL
CORPORATION, RICHARD
RAPPAPORT, AND MALONEBAILEY
LLP,

        Defendants.
---------------------------------------------------X

Case No:
LA CV11-2769 (JAK)(AGRx)

**PARTIAL JUDGMENT**

<u>CLASS ACTION</u>

Hon. John A. Kronstadt

On October 7, 2013 a hearing was held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated May 20, 2013 (the "MaloneBailey Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against defendant MaloneBailey LLP ("MaloneBailey"); and (2) whether the terms and conditions of the Stipulation and Agreement of Settlement dated May 20, 2013 (the "Underwriters and De Campo Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against defendants WestPark Capital, Inc., ("WestPark") and Richard Rappaport ("Rappaport") (WestPark and Rappaport are collectively the "WestPark Defendants"); I-Bankers Securities, Inc.

("I-Bankers"); Joseph Gunnar & Co., LLC ("Gunnar"); Aegis Capital Corporation ("Aegis")[1]; and David De Campo ("De Campo); (4) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Class Members; and (5) whether to approve Class Counsel's award for attorneys' fees and reimbursement of expenses and incentive fee award to Lead Plaintiff Dan Katz and Class Representatives Peter Van Nuis and Julius Shapiro;

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Unless indicated otherwise, all capitalized terms used herein have the same meanings as set forth and defined in the Underwriters and De Campo Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiff and Class Representatives, all Class Members, and the Defendants.

3. Pursuant to the Court's Order dated December 18, 2012, this

---

[1] The WestPark Defendants, I-Bankers, Gunnar, and Aegis are collectively the "Underwriter Defendants."

Litigation was certified as a class action on behalf of all persons who purchased the publicly traded common stock of China Century from February 7, 2011 through March 21, 2011, and who were damaged thereby (the "Class"). Excluded from the Class are:

    a. Defendants, and the members of their immediate families and Defendants' legal representatives, heirs, successors and assigns, any entity in which any Defendant has or had a controlling interest, and China Century's, MaloneBailey's, and WestPark's predecessors;

    b. Present and former officers and/or directors of any Defendant;

    c. All such excluded persons' immediate families, legal representatives, heirs, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest;

    d. Any persons who have separately filed actions against one or more of the Defendants, based in whole or in part on any claim arising out of or relating to any of the alleged acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Litigation or otherwise alleged, asserted, or contended in the Litigation; and

    e. Those persons who excluded themselves by filing timely and valid requests for exclusion in accordance with the Preliminary Approval Order, a list of whom is attached to this Order as Exhibit A.

4. The Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities

Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Class are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

5. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiff and Class Representatives, MaloneBailey, the Underwriter Defendants, and De Campo are directed to consummate the Settlement in accordance with the terms and provisions of the MaloneBailey Stipulation and the Underwriters and De Campo Stipulation. The MaloneBailey Stipulation, the Underwriters and De Campo Stipulation and the WPCFS Stipulation are collectively referred to as the "Stipulations."

6. The Plaintiff's Complaint as to, MaloneBailey, the Underwriter Defendants, and De Campo only is hereby dismissed with prejudice and without costs.

7. Lead Plaintiff, Class Representatives, and the Settlement Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, hereby

release and forever discharge the Released Parties[2] from any and all Settled Claims.[3] Lead Plaintiff, Class Representatives, and the Class Members, and

---

[2] "Released Parties" means each of the Underwriter Defendants, De Campo, MaloneBailey, and any of their current, former, or future parents, subsidiaries, affiliates, partners, joint venturers, officers, directors, principals, shareholders, members, employees, attorneys, trustees, insurers, reinsurers, advisors, accountants, associates, and/or any other individual or entity in which any of the Underwriter Defendants, De Campo, or MaloneBailey has or had a controlling interest or which is or was related to or affiliated with any of the Underwriter Defendants, De Campo, or MaloneBailey and the current, former, and future legal representatives, heirs, successors-in-interest, or assigns of any of the Underwriter Defendants, De Campo or MaloneBailey. The Defendants in this litigation, other than the Underwriter Defendants, De Campo, and MaloneBailey are not Released Parties, and this Stipulation shall not release any Defendants, other than the Underwriter Defendants, De Campo, and MaloneBailey, from the claims in this litigation.

[3] "Settled Claims" means any and all claims, debts, demands, liabilities, rights, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether based on federal, state, local, statutory or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and unknown claims: (i) that have been asserted in the litigation by Plaintiffs against any of the Released Parties, including, without limitation, all statements that Plaintiffs allege in the litigation were made by the Underwriter Defendants, De Campo, and MaloneBailey that Plaintiffs allege were false or misleading, or any of the alleged acts, omissions, representations, facts, events, matters, transactions, or occurrences asserted in or relating to the Litigation, or otherwise alleged, asserted, or contended in the Litigation; or (ii) that relate to the purchase of China Dragon securities by the Plaintiffs, including, without limitation, claims for fraud, negligent misrepresentation, or claims based upon or related in any way to the purchase, acquisition, or sale of China Dragon securities during the Settlement Class Period by the Plaintiffs, their heirs, executors, administrators, successors, and assigns against the Released Parties or any of them. Settled Claims also include any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the litigation against the Released

anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled Claims against the Released Parties, as set forth in the Stipulations.

8. Each of MaloneBailey, the Underwriter Defendants, and De Campo, including any and all of their respective successors in interest or assigns, hereby releases and forever discharges any and all Settled Defendants' Claims[4], to the Parties (including unknown claims that arise out of, relate to, or are in connection with the Settlement or resolution of the litigation against the Released Parties), except claims to enforce any of the terms of the Stipulations. "Settled Claims" does not include any actual or potential claims against China Century Dragon Media, Inc., HaiMing Fu, Dapeng Yuan, HuiHua Li, Zhifeng Yan, Yue Lu, or Fang Yuan that have been asserted or could be asserted by the Underwriter Defendants, De Campo, or MaloneBailey.

---

[4] "Settled Defendant's Claims" means all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known and unknown claims, that (i) have been or could have been asserted in the litigation by the Underwriter Defendants, De Campo, MaloneBailey, or any of them, or the successors and assigns of any of them, against any of the Plaintiffs or any of their attorneys, and (ii) arise out of or relate in any way to the institution, prosecution, or Settlement of this litigation or the Settled Claims, including but not limited to all claims for malicious prosecution or sanctions; provided, however, that "Settled Defendants' Claims" does not include (i) any claims that could be asserted in response to a claim excluded from the definition of "Settled Claims" defined above; (ii) any claims to enforce any of the terms of this Stipulations or of the Order and Final Judgment, and any claims that could be asserted in response to such a claim to enforce; or (iii) any claims arising out of, based upon, or related to any indemnification, contribution, contractual indemnification, contractual contribution, breach of contract, negligent misrepresentation, fraud, fraudulent misrepresentation, reimbursement, and/or the advancement of attorneys' fees relating to or arising out of the subject matter of the Litigation against China Century Dragon Media, Inc., HaiMing Fu, Dapeng Yuan, HuiHua Li, Zhifeng Yan, Yue Lu, or Fang Yuan that have been asserted or could

extent they relate to the subject matter of this action or its prosecution thereof, against the Lead Plaintiff, Class Representatives, any of the Settlement Class Members and any of their counsel, including Counsel for the Class ("Plaintiffs' Counsel") and any counsel working under the direction of Plaintiffs' Counsel.

9. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members.

10. Upon the Effective Date, all cross-claims, whether for contribution or indemnification or any other theory, however denominated, and, which may be or have been brought against MaloneBailey, the Underwriter Defendants, or De Campo and which arise under the federal securities laws or state law in favor of Persons, including any Defendants or related entities, who are asserted to be joint tortfeasors with MaloneBailey, the Underwriter Defendants, or De Campo in the Settled Claims, are hereby extinguished, barred, and dismissed with prejudice. "Settled Claims" does not include any actual or potential claims against China Century Dragon Media, Inc., HaiMing Fu, Dapeng Yuan, HuiHua Li, Zhifeng Yan, Yue Lu, or Fang Yuan that have been asserted or could be asserted by the Underwriter Defendants, De Campo, or MaloneBailey. In the event of a trial, the liability of all Defendants other than MaloneBailey, the Underwriter Defendants, and De Campo shall be limited to their proportionate share of liability in the manner set forth in *Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989) and other applicable law.

---

be asserted by the Underwriter Defendants, De Campo, or MaloneBailey. "Settled Defendants' Claims" does not include any actual or potential claims against China Century Dragon Media, Inc., HaiMing Fu, Dapeng Yuan, HuiHua Li, Zhifeng Yan, , Yue Lu, or Fang Yuan that have been asserted or could be asserted by the Underwriter Defendants, De Campo, or MaloneBailey.

11. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Neither this Order and Final Judgment, the MaloneBailey Stipulation, the Underwriters and De Campo Stipulation, the WPCFS Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a) referred to or used against the Released Parties or against the Lead Plaintiff, Class Representatives or the Class as evidence of wrongdoing by anyone;

(b) construed against the Released Parties or against the Lead Plaintiff, Class Representatives, or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c) construed as, or received in evidence as, an admission, concession or presumption against the Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

(d) used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulations.

13. Exclusive jurisdiction is hereby retained over MaloneBailey, the Underwriter Defendants, De Campo and the Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulations, or Settlement and this Order and Final Judgment,

and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

14. Without further order of the Court, MaloneBailey, the Underwriter Defendants, De Campo, and the Class Representatives may agree to reasonable extensions of time to carry out any of the provisions of the MaloneBailey Stipulation, the Underwriters and De Campo Stipulation and the WPCFS Stipulation.

15. Class Counsel are awarded $200,000.00 as attorneys' fees in this Action, together with a proportionate share of the interest earned on the fund, at the same rate as earned by the balance of the fund, from the date of the establishment of the fund to the date of payment.

16. The expenses of Class Counsel shall be reimbursed out of the Settlement Fund in the amount of $38,867.94.

17. Except as otherwise provided herein, the attorneys' fees shall be paid and reimbursement of expenses shall be made in the manner and procedure provided for in the Stipulations of Settlement.

18. Lead Plaintiff Dan Katz and Class Representatives Peter Van Nuis and Julius Shapiro shall be awarded $1,500 each (totaling $4,500) for an incentive fee award and reimbursement for their lost time in connection with their prosecution of this action.

19. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

    (a) The Settlement has created a fund of $778,333.33 in cash, plus interest to be earned thereon, and Class members who file timely and valid claims will benefit from the Settlement created by Lead Plaintiff's Counsel;

(b) At least 1,951 copies of the Notice were disseminated to putative Class members indicating that at the October 7, 2013 final approval hearing, Lead Plaintiff's counsel intended to seek a fee of up to 25.7% of the Settlement Fund in attorneys' fees, and reimbursement of their litigation expenses in an amount not to exceed $70,000;

(c) the Summary Notice was published in Investor's Business Daily as required by the Court, and no objection was filed against either the terms of the proposed Settlement or the ceiling on fees and expenses to be requested by Lead Plaintiff's Counsel;

(d) Lead Plaintiff's Counsel have conducted this litigation and achieved the Settlement;

(e) the litigation of this Action involved complex factual and legal issues and was actively prosecuted since its filing, and in the absence of Settlement, the Action would have continued to involve complex factual and legal questions;

(f) if Lead Plaintiff's Counsel had not achieved the Settlement, there was a risk of either a smaller or no recovery;

(g) Lead Plaintiff's Counsel has devoted over 759 hours of professional time to the prosecution of this Action, with a lodestar value of $344,487; and

(h) the amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

20. Defendant West Park Capital Financial Services, Inc., whose counsel attended the October 7, 2013 hearing and did not object to the substantive terms of the settlement other than as to the payment schedule for its portion of the settlement amount, is not a judgment debtor under this Judgment, but may be included as a judgment debtor in a future, partial judgment.

21. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulations, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in L.6. in the Stipulations), and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulations had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation.

22. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: November 21, 2013

_____
HON. JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE