UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

------------------------------------------------------X

DAN KATZ, et al.,

        Plaintiffs,

        vs.

CHINA CENTURY DRAGON MEDIA, INC., et al,

        Defendants.

------------------------------------------------------X

LA CV11-02769 JAK (SSx)

<u>CLASS ACTION</u>

**JUDGMENT CONCERNING DISTRIBUTION OF CLASS SETTLEMENT FUNDS**

Hon. John A. Kronstadt

WHEREAS, on July 20, 2015 a hearing was held on Lead Plaintiffs' Motion for Distribution of Class Settlement Funds (Dkt. 242);

WHEREAS, the Court deferred its ruling subject to counsel providing supplemental briefing in support of the motion. (Dkt. 248);

WHEREAS, that briefing was filed. (Dkt. 251);

WHEREAS, on March 18, 2016 the Court granted in part and denied in part Plaintiffs' Motion for Distribution and ordered counsel to provide supplemental briefing (Dkt. No. 255).

WHEREAS, that briefing was filed. (Dkt. 256);

WHEREAS, on April 5, 2016 the Court entered an Order regarding Lead Plaintiffs' Motion for Distribution of Class Settlement Funds. (Dkt. 257);

NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Unless indicated otherwise, all capitalized terms used herein have the same meanings as set forth and defined in the Settlement Stipulations and Agreements of Settlement dated May 20, 2013 (the "Stipulations").

2. The funds that are currently in the Net Settlement Fund (less the requested $44,385.26 in administration fees and any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a pro rata basis to the Authorized Claimants identified in Exhibit B-1 to the Declaration of Josephine Bravata Concerning Administrative Procedures Performed to Process and the Results Thereof ("Bravata Declaration") filed in connection with Plaintiffs' Motion for Distribution (Dkt. No. 237-2), at the direction of Lead Plaintiffs' Counsel, The Rosen Law Firm P.A., pursuant to the Stipulations and the Plan of Allocation set forth in the Notice of Pendency and Proposed Settlement of Class Action that was distributed pursuant to this Court's prior Order.

3. Any person asserting any rejected or subsequently filed claims are finally and forever barred from the date of this Order.

4. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulations and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

5. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Lead Counsel and The court-appointed Claims Administrator, Strategic Claims Services ("SCS") are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time.

6. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one year after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to the University of California, Los Angeles.

7. SCS is hereby ordered to discard paper or hard copies of Proofs of Claims and supporting documents not less than one (1) year after all distributions

of the Net Settlement Fund to the eligible claimants, and electronic copies of the same not less than three (3) years after all distributions of the Net Settlement Fund to the eligible claimants.

8. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

IT IS SO ORDERED

Dated: May 4, 2016

_____
Honorable John A. Kronstadt
U.S. District Court Judge

3